### In the Matter of Damon M. D'AMBROSIO.

### No. 98–153–MP.

Supreme Court of Rhode Island.

July 16, 1998.

[redacted]

[redacted]

David Curtin, Chief Disciplinary Counsel, for Plaintiff.

Jeffrey Blake, Hope Valley, for Defendant.

Before WEISBERGER, C.J., and FLANDERS and GOLDBERG, JJ.

**OPINION**

PER CURIAM.

[redacted] This matter is before the Court pursuant to a recommendation of the Supreme Court Disciplinary Board (board) that the respondent, Damon M. D'Ambrosio, be publicly censured for engaging in professional misconduct. After reviewing the record of the proceedings before the board and hearing the arguments of counsel, we concur with the board's recommendation.

The pertinent facts are as follows. On June 3, 1993, Hector and Angela Candelario (the Candelarios) were involved in an automobile accident in the State of Connecticut. The cause of that accident has never been judicially determined. The Candelarios claimed that the accident resulted when an object that fell off a truck traveling in front of them on a public highway collided with their automobile. As a result their automobile was damaged, and they each suffered personal injuries.

The Candelarios retained respondent to pursue a claim on behalf of each of them against the corporate owner of the truck (the truck owner). The respondent attempted to negotiate a settlement on their behalf with the truck owner's insurance carrier. Those negotiations were unsuccessful, and on August 24, 1994, the insurance carrier informed respondent that they were denying the claim because their own investigation revealed no factual basis to establish liability.

The respondent, who is not admitted to the practice of law in the State of Connecticut, sought the assistance of Connecticut counsel to pursue a civil action on behalf of the Candelarios in the courts of that state. He was, however, unable to secure the services of local counsel willing to prosecute the claim.

On June 2, 1995, respondent filed a civil action on behalf of the Candelarios in the United States District Court for the District of Rhode Island, naming as defendant the corporate owner of the truck. However, he did not effectuate service of the complaint upon the truck owner. Thereafter a federal magistrate directed respondent to appear before that court on November 9, 1995, to show cause why the civil action should not be dismissed for lack of prosecution. When respondent failed to show cause, the complaint was dismissed on November 17, 1995.

The respondent did not adequately inform his clients of the import of that dismissal. He led them to believe that a viable claim for relief still existed and that he was continuing to pursue their cause. However, he took no further action to resolve their claims with the purported defendant or its insurance carrier.

In the mistaken belief that respondent was proceeding on their behalf, the Candelarios began to press him to obtain a financial settlement. On September 30, 1996, in a misguided effort to assuage his clients, respondent had each of them sign a general release purportedly in settlement of their claims. The releases, prepared by respondent, indicated that Angela Candelario would receive $24,000 and that Hector Candelario would receive $9,000. The respondent prepared, and had the Candelarios sign, these releases even though he had received no settlement offer or undertaken any substantive settlement discussions with the truck owner's insurance carrier. The releases were never forwarded to the insurance carrier by respondent. Needless to say, no funds were forthcoming. When the Candelarios

became concerned after having received no settlement funds within a reasonable time after execution of the releases, they obtained new counsel who contacted disciplinary counsel. These proceedings ensued.

The respondent was charged with violating Article V, Rules 1.3 ("A lawyer shall act with reasonable diligence and promptness in representing a client"); 1.4(a) ("A lawyer shall keep a client reasonably informed about the status of a matter * * * "); and 8.4(c) ("It is professional misconduct for a lawyer to * * * engage in conduct involving dishonesty, fraud, deceit or misrepresentation"), of the Supreme Court Rules of Professional Conduct. At the disciplinary hearing conducted before a retired judge, respondent freely conceded the above facts and admitted that he had violated the cited rules.[1] In mitigation, respondent has negotiated a financial settlement with Angela Candelario whereby he is paying her from his own funds the value of her personal-injury claim.[2] (Hector Candelario has voluntarily chosen not to pursue any financial claims against respondent.)

On the basis of these undisputed facts, we do not hesitate to conclude that respondent has violated each of the disciplinary rules at issue in these proceedings. He failed to act with reasonable diligence in effectuating service on the defendant, with the result that his clients' claim was dismissed. When that case was dismissed, he was obligated to advise the clients concerning the ramifications of that dismissal and to discuss with them truthfully the anticipated course of his further representation. Most importantly, respondent engaged in deceitful conduct by having the clients execute releases in an attempt to have them believe that a viable cause of action continued to exist and that financial resolution was imminent.

We must note, however, that respondent's actions appear to be the result of ineptitude rather than evil motivation. It is readily apparent that once the civil case was dismissed, respondent did not know what to do. It is unfortunate that he chose to do nothing, and when pressed by his clients, he foolishly had them execute releases in order to provide himself more time to extricate himself from a dilemma of his own making.

■ In fashioning an appropriate sanction, we are mindful that the purposes of professional discipline are protection of the public and maintaining the integrity of the profession, and not punishment of the attorney. The board has recommended the imposition of public censure, coupled with a requirement that respondent receive additional legal education. We concur.

Accordingly we hereby publicly censure the respondent for his misconduct. In addition the respondent shall for each of the next three years obtain three continuing-legal-education credits in the areas of law-practice management and/or practical skills. These credits are in addition to the mandatory ten credits in continuing legal education required of all Rhode Island attorneys. The respondent is directed to provide proof that he has obtained these credits to disciplinary counsel. Moreover the respondent is further ordered to provide proof to disciplinary counsel that he has complied with his contractual obligations to Angela Candelario. Disciplinary counsel shall notify the Court if the respondent fails to comply with these requirements.

LEDERBERG and BOURCIER, JJ., did not participate.

---

1. Article III, Rule 4(c), of the Supreme Court Rules of Disciplinary Procedure authorizes retired judges of the Supreme, Superior, Family, District, or Workers' Compensation Courts to preside over formal disciplinary hearings.

2. Angela Candelario was represented by independent counsel at the time that her financial settlement with the respondent was negotiated.